

E-FILED
Tuesday, 24 May, 2011  01:30:56 PM
Clerk, U.S. District Court, ILCD

FILED

MAY 2 4 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JEFFREY D. WILLIAMS** ) | Case Number  *11 - 4042* |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **VIKING COLLECTION SERVICES,** ) | |
| **INC.** ) | |
| **&** ) | |
| ) | |
| **CHASE BANK USA, N.A.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants** ) | |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jeffrey D. Williams, by and through her undersigned

counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of

Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Jeffrey D. Williams, is an adult natural person and brings this

action for actual and statutory damages and other relief against Defendant, Viking

Collection Systems for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive and unfair practices and violations of the Illinois Collection Agency Act.  And

Defendants, Viking Collection Systems and Chase Bank USA, N.A. for Breach of

Contract and Civil Conspiracy.

## II.  **JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.
§ 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III.  **PARTIES**

4.      Plaintiff, Jeffrey D. Williams, is an adult natural person residing at 304 7th
Street, Silvis, Illinois 61282-2117.  At all times material and relevant hereto, Plaintiff is a
"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Viking Collection Services, Inc. ("Defendant, Viking"), at all
times relevant hereto, is and was a corporation engaged in the business of collecting debt
within the State of Illinois and the State of Minnesota with an office located at 7500
Office Ridge Circle, Suite100, Eden Prairie, MN 55344.

6.      Defendant, Chase Bank USA, N.A. ("Defendant, Chase") at all times
relevant hereto, is and was a corporation engaged in the business of providing financial
and credit services nationwide, as well as collecting and reporting on debt incurred by
those services, including but not limited to, the States of Illinois and Delaware and has a
address at 200 White Clay Center Drive, Newark, Delaware 19711.

7.      Defendant is engaged in the collection of debts from consumers using the
telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C.
§1692a(6).

## IV.  **FACTUAL ALLEGATIONS**

8.      In or around August, 2010, Plaintiff began receiving calls from Defendant,
Viking's, agent, "Chris", in regards to a debt allegedly owed to Defendant, Chase.

9.      Defendant, Viking's, agent, "Chris", continually placed these calls to the Plaintiff's personal cell phone and to his place of employment.

10.     Plaintiff was informed that he owed the Defendant, Viking, approximately $6,909.00.

11.     Despite Plaintiff telling Defendant, Viking's, agent, "Chris", that he could not receive calls at work, Defendant Viking's, agent "Chris", continued placing calls to the Plaintiff's place of employment.

12.     In September, 2010, Plaintiff retained the services of personal legal counsel to assist him in his debt settlement negotiations.

13.     On or about October 8, 2010, Plaintiff's attorney sent Defendant, Viking, a cease and desist letter. **See "EXHIBIT A" (letter) attached hereto**.

14.     On or about December 22, 2010, Defendant, Viking, started to call the Plaintiff at his place of employment again.

15.     Plaintiff again instructed Defendant, Viking's, agent, "Chris", not to call him at work.

16.     At that time, Plaintiff informed Defendant, Viking's, agent, "Chris", that he had retained legal counsel and that Defendant, Viking, should contact his attorney directly in this matter.

17.     Plaintiff also reminded Defendant, Viking's, agent that a cease and desist letter had also been sent.

18.     Defendant, Viking's, agent, "Chris", replied that Defendant, Chase, had taken this account back in October, 2010, and had just returned this account to Defendant, Viking, making it a "new" collection account.

19.   Defendant, Viking, stated that it did not have to abide by any cease and desist letter sent prior to December, 2010, due to this fact.

20.   Plaintiff again asked Defendant, Viking's, agent, "Chris", to call and speak with his attorney.

21.   Defendant, Viking's, agent, "Chris", stated that Defendant, Viking, would never work with a third party.

22.   During that same call, Defendant, Viking's, agent, "Chris", however changed his story and stated that he would speak to the Plaintiff's attorney only if the Plaintiff agreed to a three-way call.

23.   Plaintiff agreed, and Defendant, Viking's, agent, "Chris", placed the call to Plaintiff's personal counsel.

24.   During the three-way call, Defendant, Viking's, agent, "Chris", immediately put Plaintiff and his attorney on hold.

25.   While Plaintiff and his attorney were on hold, Plaintiff asked his attorney if a cease and desist letter had in fact been sent to Defendant, Viking.

26.   Plaintiff's attorney confirmed that a cease and desist had been sent.

27.   Clearly having been listening to the conversation, Defendant, Viking's, agent, "Chris", returned to the call, and threatened that if another cease and desist letter was sent to Defendant, Viking, any settlement deal would be called off.

28.   With assistance from his attorney, Plaintiff was able to reach a settlement arrangement with Defendant, Viking, in the amount of $2,320.00

29.     Defendant, Viking's, agent, "Chris", informed Plaintiff that he would have to put money down immediately from his own personal bank account for Defendant, Viking, to agree to the settlement.

30.     Plaintiff stated that he could afford to put $100.00 down at that time.

31.     Before ending the call, Defendant, Viking, agreed to the $100.00 deposit and then ascertained the Plaintiff's personal account information.

32.     On or about that same day, December 22, 2010, Defendant, Viking, sent the Plaintiff a letter confirming the agreed upon settlement arrangement. **See "EXHIBIT B" (settlement letter) attached hereto**.

33.     Defendant, Viking's, letter goes on to state that they were duly authorized by Defendant, Chase, to offer the Plaintiff a settlement arrangement.

34.     Defendant Viking's, letter stated that the Plaintiff's initial payment was due on or before January 30, 2011 in the amount of $100.00, and payments would continue monthly until the full balance was paid on or before January 30, 2012.

35.     Defendant, Viking's, letter does not mention however, the $100.00 payment that Defendant, Viking's, agent, "Chris", demanded that the Plaintiff pay up front.

36.     On or about December 28, 2010, Defendant, Viking's, automatic payment of $100.00 was withdrawn from Plaintiff's checking account. **See "EXHIBIT C" (bank statement) attached hereto**.

37.     On or about January 6, 2011, along with assistance from his attorney, Plaintiff issued the first check to Defendant, Viking, as agreed.

38.    On or about February 7, 2011, Plaintiff issued the second check to Defendant, Viking, as agreed.

39.    On or about February 15, 2011, Plaintiff received both his January and February, 2011 payments back from Defendant, Viking, along with a notice that stated that Defendant, Viking, no longer handled the account for Defendant, Chase and to send any further questions to Defendant, Chase, directly.    **See "EXHIBIT D" (notice) attached hereto.**

40.    On or about March 16, 2011, Plaintiff received notice from Frederick J. Hanna & Associates, P.C., informing Plaintiff that their firm was now collecting on behalf of Defendant, Chase.

41.    On or about March 17, 2011, Plaintiff along with his personal counsel was able to settle the above referenced account again but for approximately $400.00 more than the original arrangement that was made with Defendant, Viking.

42.    Defendant, Viking, has never returned Plaintiff's $100.00 payment.

43.    Defendants, Viking, and Chase, have failed to honor the settlement agreement that was promised and in place with the Plaintiff at no fault of the Plaintiff who was making payments in the proper amount and on time as agreed upon.

44.    The Defendants, Viking and Chase, both acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

45.    The Defendant, Viking, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, Viking, could have taken the steps

necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

46.     At all times pertinent hereto, Defendant, Viking, was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Viking, herein.

47.     At all times pertinent hereto, the conduct of Defendant, Viking, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

48.     As a result of Defendant, Viking's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Viking Collection Services, Inc.

49.     The above paragraphs are hereby incorporated herein by reference.

50.     At all times relevant hereto, Defendant, Viking, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

51.   The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged the person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer (e.g. cell phone calls) |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Viking Collection Services, Inc. for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the
interests of justice require.

### COUNT II

### BREACH OF CONTRACT

### Plaintiff v. Viking Collection Services & Chase Bank USA, N.A.

52.     The above paragraphs are hereby incorporated herein by reference.

53.     The facts set forth herein establish that there was a contractual relationship
between the parties, whereby the Defendants, Viking and Chase, promised to the Plaintiff
the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the
invitation that was offered and agreed to participate in the settlement.

54.     Plaintiff fulfilled his contractual obligation by making timely payments.

55.     Defendants, Viking and Chase, have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the
Defendants, Viking and Chase, for the following:

a.     Actual damages;

b.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.     Such additional and further relief as may be appropriate or that the
interests of justice require.

## COUNT III

## CIVIL CONSPIRACY

### Plaintiff v. Viking Collection Services & Chase Bank USA, N.A.

56. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 9 through 48, inclusive, of this complaint as though fully set forth herein.

57. Plaintiff is informed and believes and therein alleges that Defendants, Viking and Chase, and each of them, entered into an agreement under which said Defendants, Viking and Chase, acting in concert, agreed to willfully or knowingly violate the FDCPA.

58. The acts of the Defendants, Viking and Chase, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

59. Defendants, Viking and Chase, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants, Viking and Chase's, financial gain.

60. Defendants, Viking and Chase, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

61. As a proximate result of the wrongful acts of the Defendants, Viking and Chase, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court;
and

d.      Such additional relief as is deemed just and proper, or that the interests of
justice require.

**COUNT IV**

**ILLINOIS COLLECTION AGENCY ACT**

**Plaintiff v. Viking Collection Services**

62.      Plaintiff incorporated paragraphs 1-48.

63.      Defendant, Viking, is a "collection agency" as defined by the Illinois
Collection Agency Act, 225 ILCS §§425/1 et seq.

64.      Section §§425/3(d), as amended effective January 1, 2008, brings debt
buyers within its purview by providing that "a person, association, partnership,
corporation, or other legal entity acts as a collection agency when he or it buys accounts,
bills or other indebtedness and engages in collecting the same".

65.      Previously coverage was limited to a person who "buys accounts, bills or
other indebtedness with recourse and engages in collecting the same.

66.      By deleting "with recourse" the legislature intended to classify as a
"collection agency" persons such as the Defendant, Viking, who buy charged-off debts
for their own account.

67.     In addition, in 2007 amendments repealed the definition of "collection agency" contained din former §§425/2.02 and provided a more expansive set of definitions which, among other things, now defines a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or himself and others, engages in debt collection". 225 ILCS §§425/2 (emphasis added).

68.     Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

69.     Defendant, Viking, violated the following provisions of 225 ILCS §§425/9

§§425/9/15(d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

§§425/9/30  Communicating with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney;

§§425/9/31  Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm

70.     Plaintiff was damaged as a result.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Viking Collection Services, for the following:

a.      Actual damages;

b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.    Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  May 16, 2011

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff

# EXHIBIT "A"

PO Box 6489
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
PERSELS & ASSOCIATES, PLLC (NC)
**A National Law Firm Dedicated to Consumer Rights**

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, IL
Julia Allen, licensed in IL

Phone: (800) 498-6761
Fax: (888) 863-8659

VIKING COLLECTION SERVICE INC.
7500 OFFICE RIDGE CIR
STE 100
MINNEAPOLIS MN 55459

October 08, 2010

Client Name:                      Jeff Williams and Blanca Williams
Creditor Account Number:          4147202035590981
Client SSN:                       XXX-XX-9531 and XXX-XX-2705

To Whom It May Concern:

Our law firm has been retained by Jeff Williams and Blanca Williams. Persels & Associates has a
limited power of attorney to represent this client in debt settlement negotiations. Please update
your records to reflect the firm as your contact for settlement of our client's debts. Cease all
further direct contact with our client pursuant to the Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any
related litigation. We do not accept service on behalf of our client in any proceeding. All court
papers and notices must be served directly on the party.

You can reach Persels & Associates at (800) 498-6761. We will contact you in the future to discuss
possible settlement options. We look forward to working with you and appreciate your assistance in
resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Julia Allen
Counsel
Persels & Associates

# EXHIBIT "B"

DSP 12/22/2010 4 58 PM
DRP 12/22/2010 1 54 PM
DRP 12/22/2010 1 43 PM (R  DC 02/22/2010 1 42 PM)

                                                        12/22/2010 +3 03 04 PM                            123 02/00/000  From Date Comps

        12/22/2010 1 58 AM    From Valley Becomes   Fax Number 642 844 4833    Page 2 of 2

1642041975



P.O. Box 59207
Minneapolis, MN 55459
952-844-7575

12 22 10

1,14931 54c

Jeffrey Williams
304 7th St
S Ives, IL, 61282

RE: Chase Bank USA, N.A.
ACCT  414720204355909081
BAL: $6,909.33
V/ S: 1,15933

As duty authorized agents for Chase Bank USA N.A., we are authorized to settle your Chase Bank US A. N. A. account for $2,326 00  Not only will you have this account paid, but our client will report to the credit bureau that you have settled this debt

Per our conversation these funds must be in the form of 4 payments for $100.00 dated 01 30 11, 02 28 11, 03 30 11, 04 30 11, 7 payments for $215.00 dated 1 u 05 30  11, 06 30 11, 07 30 11, 08 30 11, 09 30 11, 10 30 11, 11 30 11, 12 31 11 and 1 payment for $200.00 dated 01 30 12  Our office must receive these payments no later than the dates listedthe dates listed.

Please send this by overnight mail, using the following address:

        VCS
        7500 Office Ridge Circle, Suite 110
        Eden Prairie, MN 55344

Sincerely

Chris Campbell
Account Representative
1-800-313-5192

pff

This is an attempt to collect a debt  Any information obtained will be used for that purpose

# EXHIBIT "C"


**Community**
CREDIT UNION

| Member Number | Statement Period |
| 10292550 | 12-01-2010 to 12-31-2010 |

PAGE 6 of 7

Trans Eff

| Date | Date | Transaction Description | Deposits | Withdrawals | Balance |
|---|---|---|---|---|---|
| 12-26 | | Withdrawal POS #000000194728 .......................... WAL-MART #4511 1601 18TH STREET SILVIS IL | | -9.56 | |
| 12-26 | | Withdrawal Home Branch Transfer To Share 00 ............. Persels and Associates pmt | | -191.00 | |
| 12-26 | | Withdrawal Home Branch Transfer To Share 00 ............. Persels and Associates pmt | | -30.00 | |
| 12-27 | | Check 006692 .......................... | | -7.00 | |
| 12-27 | | Withdrawal CheckCard CheckCard .......................... 12/26 APPLEBEES 918900210096 MOLINE IL | | -12.23 | |
| 12-27 | | Withdrawal CheckCard CheckCard .......................... 12/27 REDBOX *DVD RENTAL 866-733-2693 IL | | -8.00 | |
| 12-28 | | Withdrawal at ATM #000000107419 .......................... MERCG 100 Passaic Road D Franklin Lake NJ | | -42.53 | |
| 12-28 | | Withdrawal ACH VOS Chase .......................... ID: 42-1576037 CO: VCS Chase | | -100.00 | |
| | | .......................... HY VEE 1600 SILVIS IL | | | |
| 12-29 | | Withdrawal CheckCard CheckCard .......................... 12/28 UNCLE BENNYS GYROS EAST MOLINE IL | | -9.56 | |
| 12-29 | | Check 006694 .......................... | | -115.00 | |
| 12-29 | | Withdrawal CheckCard CheckCard .......................... 12/28 MCDONALD'S F5272 E MOLINE IL | | -7.23 | |
| 12-30 | | Withdrawal POS #036480000015 .......................... SARA LEE BAKERY #47 MOLINE IL | | -4.51 | |
| 12-30 | | Withdrawal POS #000000376088 .......................... ALDI 68023 4211 AVENUES OF TH MOLINE IL | | -36.89 | |
| 12-30 | | Withdrawal POS #000005866906 .......................... Wal-Mart Super Center 4511 WAL-SAMS SILVIS IL | | -7.84 | |
| 12-31 | | Withdrawal Home Branch Transfer To Share 00 ............. for Persels and Associates pmt | | -5.00 | |
| 12-31 | | Withdrawal CheckCard CheckCard .......................... 12/30 SAN LUIS FOOD MARKET SILVIS IL | | -4.61 | |
| 12-31 | | Withdrawal POS #000000383910 .......................... WAL-MART #4511 1601 18TH STREET SILVIS IL | | -4.67 | |
| 12-31 | | Ending Balance .......................... | | | |

**Cleared Check Summary**

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 006603 | 12/08 | 25.00 | 006686 | 12/07 | 57.65 | 006691 | 12/17 | 24.60 |
| 006604 | 12/13 | 15.00 | 006687 | 12/10 | 247.90 | 006692 | 12/27 | 7.00 |
| 006605 | 12/14 | 143.00 | 006688 | 12/10 | 287.28 | 006694 | 12/29 | 115.00 |
| 006674 | 12/14 | 163.00 | 006690 | 12/14 | 115.80 | | | |

# EXHIBIT "D"



VIKING COLLECTION SERVICE, INC.
P.O. Box 59207
Minneapolis, MN 55459
952-944-7575

February 15, 2011

**PERSELS & ASSOCIATES**
**PO BOX 6489**
**COLUMBIA, MD 21045**

**RE: WILLIAMS**

## WE NO LONGER HANDLE THESE ACCOUNTS.

**We have returned your payment, please direct any future**
**correspondence to the credit card company.**

**Sincerely,**

**Accounting Department**
**VCS, INC**

*This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.*